UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR T. MENALDI, | ) | CASE NO.: 4:25-cv-01669 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| EXXON MOBIL, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Arthur T. Menaldi filed a civil complaint against two out-of-state corporations, Exxon Mobil and Shopoff Realty (collectively "Defendants"). (Doc. 1.) The Complaint is accompanied by an application to proceed *in forma pauperis*. (Doc. 2.) For the reasons stated herein, that application is DENIED, and this action is DISMISSED.

On August 11, 2025, Plaintiff filed his *pro se* Complaint. (Doc. 1.) The Complaint does not set forth cogent specific allegations of wrongdoing as to either Defendant. (*See id.*; Doc. 1-2.) Plaintiff brings the action "individually" and "as personal representative of the estate of [his brother] Dom Menaldi." (Doc. 1-2 at 9.)[1] He contends Dom Menaldi was "exposed to a toxic release event" in Huntington Beach, California, "leading to thyroid dysfunction, kidney impairment, and eventual death." (*Id.*) Plaintiff lists causes of action for wrongful death, negligence/negligence *per se*, strict liability, toxic tort, and a survival action. (*Id.* at 9-10.) He seeks $500,000,000 in damages. (*Id.* at 10.)

Plaintiff did not pay the filing fee for this action. Instead, he requests to proceed *in forma pauperis*. (Doc. 2.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Proceeding *in forma pauperis* in federal court is a privilege, not a right, and permission to do so is committed to the sound discretion of the Court. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). An indigent litigant seeking to proceed *in forma pauperis* must file an affidavit with a statement of assets and liabilities that demonstrates his or her financial inability to pay fees. *See* 28 U.S.C. §1915(a)(1).

Despite clear instructions on the Court's *in forma pauperis* application that an applicant should "not leave any blanks," Plaintiff left large sections of his application completely blank, including every question about monthly expenses. (*See* Doc. 2 at 17-21.) Thus, he represents having no monthly expenses of any kind. In addition, other than indicating he received an average monthly income of $800 over the past 12 months, he simply wrote "0" or "N/A" in response to every other question regarding his financial circumstances (other than the questions he left blank). (*Id.*) The Court does not find that Plaintiff has provided valid or sufficient information to justify allowing him to proceed *in forma pauperis* in this case.

Further, Plaintiff has been apprised in a similar case in this district that he cannot proceed *pro se* or *in forma pauperis* as a representative of the estate of another. *See Menaldi for Estate of Menaldi v. Norfolk Southern Railroad Co.*, No. 4:25-cv-595, 2025 WL 987737, at *1 (N.D. Ohio Apr. 2, 2025) (denying Plaintiff's application to proceed *in forma pauperis* and dismissing Plaintiff's toxic tort case on behalf of the estate of another brother, Thomas Menaldi). As the court in *Menaldi for Estate of Menaldi* explained, because Plaintiff is not a licensed attorney, he cannot represent an estate as a *pro se* litigant, and an estate cannot proceed *in forma pauperis* in federal court. *See id.* (citing *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (noting a non-lawyer may not represent an estate *pro se*) and *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993) (clarifying the word "person" as used in § 1915(e) only

applies to natural persons, not estates)).

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is DENIED, and this action is DISMISSED. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** November 20, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE